UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In the Matter of Arbitration between<br><br>ZURICH AMERICAN INSURANCE COMPANY and AMERICAN ZURICH INSURANCE COMPANY,<br><br>Petitioners,<br><br>and<br><br>TRENDSETTER HR, LLC, TSL STAFF LEASING, INC. and TREND PERSONNEL SERVICES, INC.,<br><br>Respondents. | )<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF BOHDAN GURSKY

I, Bohdan Gursky, hereby declare under penalty of perjury as follows:

1. I am a Senior Litigation Specialist for Zurich American Insurance Company ("Zurich"). As part of my responsibilities, I have reviewed the account information and am therefore familiar with (a) the insurance program entered into between Zurich, Trendsetter HR, LLC, TSL Staff Leasing, Inc., and Trend Personnel Services, Inc. (collectively, "Respondents") ,and (b) the arbitration commenced by Zurich against Respondents with the American Arbitration Association ("AAA"), case number 01-15-0004-0291. I am authorized by Zurich to make this Affidavit in support of Zurich's Petition to Compel Arbitration.

2. I have personal knowledge of the matters set forth herein and, if called as a witness in this action, can and would testify competently thereto.

3. Attached as Exhibit 1 to this Affidavit is a true and correct copy of Zurich's initial Arbitration Demand, which Zurich filed with the AAA against Respondents on June 26, 2015.

The exhibits to the Arbitration Demand contain a series of financial agreements between Zurich and Trend, including the Paid Deductible and Paid Loss Retrospective Agreement effective June 1, 2014, as well as Specifications and Addendum to that agreement, entered into between Zurich and Trend with program effective date commencing on June 1, 2014, attached as Exhibit A to the Arbitration Demand; the Incurred Deductible and Incurred Loss Retrospective Agreement effective June 1, 2013, as well as Specifications and Addendum to that agreement, entered into between Zurich and Trend with program effective date June 1, 2013 attached as Exhibit B to the Arbitration Demand; the Incurred Deductible and Incurred Loss Retrospective Agreement effective May 29, 2012, as well as Specifications and Addendum to that agreement, entered into between Zurich and Trend with program effective date May 29, 2012 attached as Exhibit C to the Arbitration Demand; and the Paid Deductible and Paid Loss Retrospective Agreement effective May 29, 2011, as well as Specifications and Addendum to that agreement, entered into between Zurich and Trend with program effective date May 29, 2011 attached as Exhibit D to the Arbitration Demand.

4. Attached as Exhibit 2 to this Affidavit is a true and correct copy of the signed Paid Deductible and Paid Loss Retrospective Agreement effective May 29, 2011, as well as any Specifications and any Addendum to that agreement. Exhibit 2 is attached as there is an unsigned version attached to Zurich's Arbitration Demand at Exhibit D.

5. Attached as Exhibit 3 to this Affidavit are true and correct copies of the following submissions from Respondents' to the AAA in the arbitration:

    A.    Trend Personnel Services Objection and Appointment of Arbitrator—2011 Paid Loss Contract, filed August 24, 2015;

    B.    Trend Personnel Services Answering Statement—2011 Paid Loss Contract, filed August 24, 2015;

C. Trendsetter HR, LLC, TSL Staff Leasing, Inc. and Trend Personnel Services, Inc. Objection and Appointment of Arbitrator—2012 Incurred Loss Contract, filed August 24, 2015;

D. Trendsetter HR, LLC, TSL Staff Leasing, Inc. and Trend Personnel Services, Inc. Answer Statement—2012 Incurred Loss Contract, filed August 24, 2015;

E. Trendsetter HR, LLC, TSL Staff Leasing, Inc. and Trend Personnel Services, Inc. Objection and Appointment of Arbitrator—2013 Incurred Loss Contract, filed August 24, 2015;

F. Trendsetter HR, LLC, TSL Staff Leasing, Inc. and Trend Personnel Services, Inc. Answer Statement—2013 Incurred Loss Contract, filed August 24, 2015;

G. Trendsetter HR, LLC, and TSL Staff Leasing Objection to and Appointment of Arbitrator—2014 Paid Loss Contract, filed August 24, 2015;

H. Trendsetter HR, LLC, and TSL Staff Leasing Answer Statement—2014 Paid Loss Contract, filed August 24, 2015; and

6. Attached as Exhibit 4 to this Affidavit is a true and correct copy of Zurich's Response to Respondents' Answering Statements and Objections to Jurisdiction, filed September 2, 2015.

7. Attached as Exhibit 5 to this Affidavit is a true and correct copy of the AAA Order dated September 11, 2015.

8. Attached as Exhibit 6 is a true and correct letter from Respondents to the AAA dated September 18, 2015.

9. Attached as Exhibit 7 to this Affidavit is a true and correct copy Respondents' Original Petition, Application for Temporary Restraining Order, Requests for Temporary and Permanent Injunctions and Request for Stay filed on September 24, 2015 in the 116th Judicial District Court in Dallas, Texas County District Court.

10. Attached as Exhibit 8 to this Affidavit is a true and correct copy of the Dallas County District Court's Temporary Restraining Order, issued September 24, 2015.

3

11. Attached as Exhibit 9 to this Affidavit is a true and correct copy of the AAA's September 28, 2015, letter informing the parties that the AAA will suspend the arbitration due to the Temporary Restraining Order.

12. Attached as Exhibit 10 to this Affidavit are true and correct copies of Respondents' September 29, 2015 letters to the AAA in the arbitration regarding the purported appointment of additional arbitrators. These submissions include, in the following order:

A. Respondents' Appointment of Arbitrator—Ted B. Lyon & Associates;

B. Respondents' Appointment of Arbitrator—Joe Kendall; and

C. Respondents' Appointment of Arbitrator—Royce B. West,

13. To my knowledge, neither Zurich nor its counsel had knowledge of Respondents' petition to the 116th Judicial District Court in Dallas, Texas or their request for a Temporary Restraining Order prior to the entry of the Temporary Restraining Order.

14. I declare under penalty of perjury of the laws of the State of Illinois that the foregoing is true and correct. This Affidavit was executed on October 1, 2015 in Schaumburg, Illinois.

FURTHER AFFIANT SAYETH NOT

_____
BOHDAN GURSKY

OFFICIAL SEAL
SUSAN KNOLL
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:12/07/15

Subscribed and Sworn to before me this 1st day of October 2015.

_____
NOTARY PUBLIC

4