IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY and AMERICAN ZURICH INSURANCE COMPANY,<br><br>   Petitioners,<br><br>  v.<br><br>TRENDSETTER HR, LLC, TSL STAFF LEASING, INC. and TREND PERSONNEL SERVICE,<br><br>   Respondents. | Case No. 15 C 8696<br><br>Judge Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court is Respondents' Motion to Dismiss and Transfer Venue [ECF No. 18], and Petitioners' Motion to Compel Arbitration [ECF No. 4]. For the reasons stated herein, Respondents' Motion to Dismiss and Transfer Venue is denied and Petitioners' Motion to Compel Arbitration is granted.

### I. BACKGROUND

Between 2011 and 2015, Zurich American Insurance Company and American Zurich Insurance Company (collectively, the "Petitioners") entered into four written agreements (the "Program Agreements") with Trendsetter HR, LLC, TSL Staff Leasing Inc., and Trend Personnel Services, Inc. (collectively, the "Respondents") related to the financial terms associated with workers compensation insurance provided by the Petitioners.

Each of the Program Agreements contains an arbitration clause requiring arbitration of "[a]ny dispute arising out of the interpretation, performance or alleged breach of this Agreement." On June 26, 2015, Petitioners filed an Arbitration Demand with the American Arbitration Association ("AAA") alleging that Respondents had failed to pay Petitioners amounts owed under the Program Agreements.

On August 24, 2015, Respondents filed with the AAA and served on Petitioners eight letters that collectively form an Answering Statement and Objection to Jurisdiction. In these letters Respondents raised various objections to the arbitration including that, under the terms of the Program Agreements they were entitled to four separate arbitrations. The AAA requested a response from Petitioners, which was submitted on September 2, 2015. The AAA considered the parties' positions and ruled on September 11, 2015 that Petitioners had met the AAA's filing requirements and therefore the arbitration would continue in its original form. The AAA gave Respondents one week to appoint a single arbitrator. Respondents complied with this request and appointed their sole arbitrator on September 18, 2015.

Shortly thereafter, Respondents filed an action in Texas state court (the "Texas Action") against the AAA, seeking a Temporary Restraining Order ("TRO") to stay the arbitration proceedings because they had been improperly consolidated.

Respondents asked the Texas court to order the arbitrator to "strictly follow the contractually mandated arbitration agreements" and "proceed in four separate arbitrations before four separate arbitration tribunals." Respondents did not name Petitioners as a party to the Texas Action but purported to state four claims against them for violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code, and for breach of the duty of good faith and fair dealing.

On September 24, 2015, the Texas court granted Respondents' request for a TRO stating that the AAA had failed to follow the arbitration agreements by administering one proceeding rather than four. The TRO enjoined the AAA and two of its employees from administering the arbitration proceeding that Petitioners had commenced. On September 28, 2015, the AAA advised Respondents and Petitioners that, pursuant to the TRO, the AAA had suspended further administration of the arbitration. The AAA removed the Texas Action to the United States District Court for the Northern District of Texas on October 5, 2015, and filed a motion to dismiss on October 15, 2015. Respondents have not filed a response to the AAA's motion to dismiss.

The TRO expired at midnight on October 8, 2015, and the AAA attempted to resume administration of the arbitration on October 20, 2015. Respondents, however, have informed the AAA that their counsel is not able to communicate directly with the

AAA regarding the pending arbitration because the AAA and its employees administering the arbitration have retained counsel to represent them in the Texas Action. As a result, the arbitration remains at a standstill.

## II. ANALYSIS

As a preliminary matter, the Court must determine which state's law governs the dispute. Petitioners rely exclusively on Illinois and Seventh Circuit law in support of their position, but provide no basis for this choice. Respondents argue that the Court should look to New York and Second Circuit law in deciding the case because the underlying insurance contracts between the parties are governed by New York law.

"Ordinarily, Illinois follows the Restatement (Second) of Conflict of Laws (1971) in making choice-of-law decisions." *Morris B. Chapman & Associates, Ltd. v. Kitzman,* 739 N.E.2d 1263, 1269 (Ill. 2000); *Hall v. Sprint Spectrum, L.P.,* 876 N.E.2d 1036, 1041 (Ill. App. Ct. 2007. Sections 186 and 187 of the Restatement provide that the law of the state chosen by the contracting parties will apply unless: (1) the chosen state has "no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice," or (2) its application "would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue."

Restatement (Second) of Conflict of Laws § 187(2), at 561. Because the parties have explicitly chosen New York law to govern the interpretation of the insurance contracts — including the arbitration agreement at issue — and no argument has been made that Illinois has a "materially greater interest" in the outcome of this dispute than New York, the Court will honor the choice-of-law provision and apply New York law.

**A. Motion to Dismiss and Transfer Venue**

Respondents argue that the Court should dismiss the Motion to Compel Arbitration because (1) Petitioners have failed to state a claim upon which relief may be granted, and (2) the Court lacks personal jurisdiction over Respondents. In the alternative, Respondents argue that the case should be transferred to the Northern District of Texas. Petitioners respond that the Motion to Dismiss should be denied in its entirety because it is inappropriate in the context of a proceeding to compel arbitration filed under Section 4 of the Federal Arbitration Act ("FAA"). In the alternative, Petitioners contend that the Court should deny the Motion because the Motion to Compel Arbitration was properly commenced in the proper district against parties subject to this Court's jurisdiction.

Arbitration proceedings pursuant to the FAA are governed by the Federal Rules of Civil Procedure "only to the extent that

matters of procedure are not provided for" in the FAA. FED. R. CIV. P. 81(a)(6)(B). Section 6 of the FAA provides that "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions. . . ." 9 U.S.C. § 6. The civil rules draw a clear and consistent distinction between *pleadings* and motions. *Compare* FED. R. CIV. P. 7(a), *with* FED. R. CIV. P. 7(b)(1)-(2); *see also,* FED. R. CIV. P. 11(a)-(b), 12(b). This distinction simply precludes treating the one as the other. *ISC Holding AG v. Nobel Biocare Fin. AG,* 688 F.3d 98, 112 (2d Cir. 2012).

The Motion to Compel Arbitration — the "complaint" filed by Petitioners — is a motion not a "pleading." 9 U.S.C. § 6. As such, it is not subject to the notice-pleading requirements of FED. R. CIV. P. 8(a)(2), *Productos Mercantiles E Industriales, S.A. v. Faberge USA, Inc.,* 23 F.3d 41, 46 (2d Cir. 1994), and cannot be dismissed for failing "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Thus, the arguments Respondents raise in support of their Motion to Dismiss under Rule 12(b)(6) will be considered, if necessary, as arguments in opposition of the Motion to Compel Arbitration.

That being said, the Court will consider Respondents' jurisdictional argument, as it goes to the propriety of this Court ruling on the Motion to Compel Arbitration. Respondents argue that this Court lacks personal jurisdiction over them.

But in their reply brief Respondents concede that "the initial arbitration agreements between the Petitioners and Respondents may have conferred personal jurisdiction to this Court." In the Program Agreements the parties stipulated in advance to submit their controversies for arbitration in Schaumberg, Illinois. There is no allegation that this forum-selection provision was not obtained through "freely negotiated" agreements or that it is "unreasonable and unjust." *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15 (1972). Therefore, the Court finds that Respondents consented to personal jurisdiction in Illinois for disputes related to the Program Agreements. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 473 (1985); *see also, Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Shaddock,* 822 F.Supp. 125, 128 (S.D.N.Y. 1993) ("An arbitration agreement is a special type of forum-selection clause" "regularly enforced as valid consent to jurisdiction in a particular forum."). As such, the Court denies Respondents' Motion to Dismiss for lack of personal jurisdiction.

For the same reason, Respondents have waived any objections to venue in this district. "A party who agrees to arbitrate in a particular jurisdiction consents not only to personal jurisdiction but also to venue of the courts within that jurisdiction." *Doctor's Assoc., Inc. v. Stuart,* 85 F.3d 975, 983 (2d Cir. 1996); *see also, Diagnostic Radiology Assoc., P.C.*

*v. Jeffrey M. Brown, Inc.*, 193 F.R.D. 193, 196 (S.D.N.Y. 2000); *Farr & Co. v. Cia. De Navegacion De Cuba, S.A.*, 243 F.2d 342 (2d Cir. 1957). Since Respondents agreed to arbitrate in Illinois, they are deemed to have agreed that Illinois "is a convenient forum not only for arbitration, but also for enforcement of the arbitration agreement . . . under 9 U.S.C. § 4." *Maria Victoria Naviera, S.A. v. Cementos Del Valle, S.A.*, 759 F.2d 1027, 1032 (2d Cir. 1985). Therefore, the Court finds the Northern District of Illinois to be a proper venue within which to decide the Motion to Compel Arbitration, and denies the Motion to Transfer.

Because the Court denies Respondents' Motion to Dismiss and Transfer Venue, the Court now turns to the merits of Petitioners' Motion to Compel Arbitration.

### B. Motion to Compel Arbitration

Section 4 of the FAA provides that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Upon such petition, the "court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith

is not in issue," shall order the parties "to proceed to arbitration in accordance with the terms of the agreement." *Id.*

Both parties concede they entered into four identical written arbitration agreements that state:

> Any dispute arising out of the interpretation, performance or alleged breach of this Agreement shall be settled by binding arbitration administered by the American Arbitration Association (AAA) under its Commercial Arbitration Rules. . . .

Because there is no dispute as to the "making of the agreement for arbitration," the only remaining question is whether there has been a "failure to comply therewith." 9 U.S.C. § 4.

Petitioners argue that, by initiating the Texas Action, Respondents are failing to comply with the written arbitration agreements. Respondents contend that they are actually seeking to *enforce* the terms of the arbitration agreements by asking the Texas court to order that the matters proceed in four separate arbitrations. Thus, whether Respondents are failing to comply with the arbitration agreements turns on whether it is within their rights to seek judicial review on the issue of consolidation at this stage in the arbitration proceedings.

Under the FAA, the question of whether a given dispute is arbitrable is decided by the courts, but all other disputes concerning the application of the arbitration agreement are referred to the arbitrators. *See, First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 943 (1995). Since *First Options,*

the Supreme Court has clarified which questions qualify as "arbitrability" questions to be determined by the courts. In *Howsam v. Dean Witter Reynolds, Inc.,* the Court explained that "general circumstances where parties would not likely expect that an arbitrator would decide the gateway matter" are not "question[s] of arbitrability." *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 84 (2002). For example, "'procedural' questions which grow out of the dispute and bear on its final disposition are presumptively *not* for the judge, but for an arbitrator, to decide." *Id.* (quoting *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 557 (1964) (emphasis in original and internal quotations omitted)). Similarly, in *Greentree Financial Corp. v. Bazzle,* the Supreme Court confirmed the limited circumstances in which courts, not arbitrators, decide arbitration-related disputes, "include[ing] certain gateway matters, such as whether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy." *Greentree Financial Corp. v. Bazzle,* 539 U.S. 444, 451-52 (2003).

Under this guidance, numerous federal circuit courts have stated that the propriety of consolidated arbitration proceedings is an issue of procedure to be determined by the arbitrator, not the court. *See, e.g., Shaw's Supermarkets, Inc. v. United Food and Commercial Workers Union, Local 791,* 321 F.3d

251, 255 (1st Cir. 2003); *Certain Underwriters at Lloyd's London v. Westchester Fire Ins. Co.,* 489 F.3d 580, 589 (3d Cir. 2007); *Davis v. ECPI Coll. of Tech., L.C.,* 227 F. App'x 250, 253 (4th Cir. 2007); *Pedcor Mgmt Co., Inc v. Nations Pers. of Texas, Inc.,* 343 F.3d 355, 363 (5th Cir. 2003); *Emp'rs. Ins. Co. of Wausau v. Century Indem. Co.,* 443 F.3d 573, 581 (7th Cir. 2006); *Avon Products, Inc. v. Int'l Union, United Auto Workers of America, AFL-CIO, Local 710,* 386 F.2d 651, 658-59 (8th Cir. 1967). The federal district courts in New York have similarly held that consolidation is an issue for the arbitrator to decide. *Rice Co. v. Precious Flowers Ltd.,* 2012 WL 2006149, at *4 (S.D.N.Y. June 5, 2012); *Safra Nat. Bank of New York v. Penfold Inv. Trading, Ltd.,* 2011 WL 1672467, at *5 (S.D.N.Y. Apr. 20, 2011); *Anwar v. Fairfield Greenwich Ltd.,* 728 F.Supp.2d 462, 477 (S.D.N.Y. 2010); *In re Allstate Ins. Co. and Global Reinsurance Corp.,* 2006 WL 2289999, at * 1 (S.D.N.Y. Aug. 8, 2006); *Blimpie Int'l Inc. v. Blimpie of the Keys,* 371 F.Supp.2d 469, 473-74 (S.D.N.Y. 2005).

Nonetheless, Respondents contend that the Supreme Court's holding in *Stolt-Nielsen, S.A. v. Animalfeeds International Corp.,* 559 U.S. 662 (2010), suggests that the issue of consolidation is a gateway issue to be decided by the courts. In *Stolt-Nielsen,* the Court addressed whether an arbitration panel acted properly in ruling that class action arbitration was

permissible where the arbitration agreement was silent on the issue. *Stolt-Nielsen,* 559 U.S. at 671. The Court held that, under the FAA, a party cannot be "compelled" to participate in class arbitration unless it had agreed to do so. *Id.* at 684.

In relying on *Stolt-Nielsen,* Plaintiffs conflate class actions with consolidation, and appear to argue that the Supreme Court has overruled, *sub silentio,* its holdings in *Howsam* and *Bazzle*. The issue presented here does not involve class action arbitration, but rather consolidation. Respondents do not seek relief on behalf of any class or unnamed parties. They seek relief in their personal, not representative, capacities. The consolidation of the four arbitrations into one proceeding has merely grouped four related disputes into one action. As the federal court for the Southern District of New York held in *Anwar,* the Supreme Court's holding in *Stolt-Nielsen* did not abrogate the rule that federal courts consider consolidation to be a question of procedure to be decided by the arbitrators. *Anwar,* 728 F.Supp.2d at 477.

Respondents' reliance on *United Kingdom v. Boeing Co.,* 998 F.2d 68 (2d Cir. 1993), is similarly misplaced. There, United Kingdom brought a petition to compel arbitration after the arbitrator had refused to consolidate two arbitration proceedings that arose out of the same incident but involved two distinct arbitration agreements contained in two distinct

contracts.  In its petition to compel arbitration, United Kingdom asked the court to order the arbitrator to consolidate the proceedings.  The Second Circuit concluded that "the district court was without authority to direct consolidation when consolidation is not provided for in the agreement."  *Id.* at 71.  In so holding, the Second Circuit limited the power of the *courts,* under the FAA, to order consolidation.  But said nothing on the topic of whether an arbitrator has the authority to consolidate proceedings.  As such, *Boeing* is entirely consistent with the rule that the propriety of consolidated arbitration proceedings is an issue to be determined by the arbitrator, not the courts.

Respondents take issue with this conclusion, raising the argument that consolidation cannot be decided by the arbitrator because the question would remain as to "which [of the four] arbitrators" should decide the issue.  But many procedural questions exhibit this supposed bootstrapping problem, and accepting Respondents' argument would nullify the rule that these questions are arbitrable.  Under Respondents' view, an arbitrator could not, for example, determine whether an arbitration agreement required arbitration in Boston instead of California, *see, Richard C. Young & Co. v. Leventhal,* 389 F.3d 1, 2, 4 (1st Cir. 2004) (holding that forum-selection clauses are arbitrable), without succumbing to paralysis as to where to

hold the proceedings necessary to decide the issue. A similar conundrum would arise regarding whether an arbitration agreement called for arbitration by one or three arbitrators. *See, Dockser v. Schwartzberg,* 433 F.3d 421, 427 (4th Cir. 2006) (holding that the number of arbitrators is a question for arbitrator). By reserving procedural questions for decision by the arbitral body, the FAA necessarily recognizes that decisionmaker's authority to answer them.

Respondents' only means of judicial review of this procedural question is a motion to vacate the arbitration award under 9 U.S.C. § 10. This remedy is available only after the final arbitration award has been issued. As no such award has been issued, under the FAA, the courts have no jurisdiction to decide on the propriety of the consolidated proceedings at this juncture. By initiating the Texas Action and seeking judicial review of the matter, Respondents have failed to comply with the written arbitration agreements contained in the Program Agreements. *See, Schweizer Aircraft Corp. v. Local 1752, Int'l Union, United Auto., Aerospace & Agr. Implement Workers of America,* 29 F.3d 83, 87 (2d Cir. 1994); *Downing v. Merrill Lynch et al.,* 725 F.2d 192, 195 (2d Cir. 1984); *Evans & Sutherland Computer Corp. v. Thomas Training & Simulation Ltd.,* 1994 WL 593808, at *4 (S.D.N.Y. Oct. 28, 1994). The Court therefore grants Petitioners' Motion to Compel Arbitration and orders the

parties to proceed with arbitration in accordance with the written Program Agreements. Respondents are enjoined from interfering with the AAA's administration of the arbitration proceedings in any manner, including but not limited to pursuing the Texas Action or other litigation related to the arbitration during the pendency of the arbitration. Respondents are directed to advise the AAA and the district court for the Northern District of Texas of this Court's Order.

## IV. <u>CONCLUSION</u>

For reasons stated herein, Respondents' Motion to Dismiss and Transfer Venue is denied, and Petitioners' Motion to Compel Arbitration is granted. In light of this holding, Petitioners' Motion to Strike Respondents' jury demand [ECF No. 30] is dismissed as moot. *See, Interbras Cayman Co. v. Orient Victory Shipping Co., S.A.,* 663 F.2d 4, 7 (2d Cir. 1981) ("[T]o warrant a trial under 9 U.S.C. § 4, the issue raised must be 'genuine[.]' ").

**IT IS SO ORDERED.**

                                              *[signature]*

                                            Harry D. Leinenweber, Judge
                                            United States District Court

Dated: November 16, 2015